[Civ. No. 1854.   Fourth Appellate District.—June 16, 1937.]

Y. A. JACQUES, Respondent, v. ROY OLIVER AKERS,
Appellant.

Arthur T. French for Appellant.

Y. A. Jacques, *in pro. per.*, for Respondent.

MARKS, J.—This case presents the novel feature of a defendant appealing from a judgment in his favor whereby the action against him was dismissed and he was awarded his costs.   He does not attack any part of the judgment, but complains of one finding of fact and a conclusion of law made by the trial court to the effect that a chattel mortgage securing a·note given by him had not been paid and was a lien on the mortgaged property.   Without holding that a finding and conclusion of law not reflected in the judgment

can be thus reviewed we will proceed to consider briefly the situation presented.

Defendant and Annie Christine Akers had been divorced and defendant ordered to pay support money for his children. Defendant executed the note and chattel mortgage in question. Mrs. Akers assigned this note and mortgage to the plaintiff here. Upon the affidavit of Mrs. Akers that defendant was in default in his payments, the trial court ordered an execution issued. The execution and an order to levy on the mortgaged property was delivered to the sheriff of San Diego County. Mrs. Akers deposited with the sheriff the unpaid amount of the mortgage note. The sheriff made the levy and plaintiff reassigned the mortgage and note to Mrs. Akers. On the following day Mrs. Akers again assigned to plaintiff and this action followed to foreclose the chattel mortgage under an acceleration clause in the note. Before the foreclosure suit was filed the execution was recalled and the levy released.

The trial court refused to foreclose the chattel mortgage because the only default proved was a shortage of sixty-two cents in an interest payment. The mistake was honestly made and the payment was retained by the holder of the note without any direct demand for immediate payment of the shortage before suit was filed.

It is admitted that Akers had not paid the note and that the trial court found the correct amount unpaid on it. Nevertheless, he is here complaining of this finding and the conclusion that the mortgage is an existing lien on the property described in it.

A somewhat similar situation was presented in the case of *Fuller* v. *Harwell*, 126 Cal. App. 654 [15 Pac. (2d) 562], where there was before this court the question of the right of a creditor to be subrogated to the rights of a chattel mortgagee where the creditor had paid the sheriff the amount unpaid on the secured note to permit a levy on the mortgaged property. We concluded that a subrogation had been effected. To escape the effect of that decision appellant urges that the subrogation must be plead. While there was no allegation of subrogation in the complaint the case was tried and decided on that theory. Appellant cannot raise the question here for the first time.

Respondent has moved to dismiss the appeal. As we have considered the case on its merits the motion is denied.

Appellant has attempted to appeal from the order denying his motion for new trial. Such order is not appealable. (Sec. 963, Code Civ. Proc.)   The attempted appeal from that order is dismissed.

The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.